NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAN NICOLAS-NICOLAS, | No. 20-71638 |
| Petitioner, | |
| v. | Agency No. A088-807-211 |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2026**
Pasadena, California

Before: OWENS, VANDYKE, and H.A. THOMAS, Circuit Judges.

Ivan Nicolas-Nicolas ("Nicolas"), a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal

of an Immigration Judge's ("IJ") decision denying asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). "Where

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075-76 (9th Cir. 2020). We review the agency's factual findings for substantial evidence, which "should be upheld 'unless the evidence compels a contrary result.'" *Id.* at 1076 (citation omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. In his opening brief to this court, Nicolas only challenges the denial of CAT protection. Therefore, Nicolas has forfeited any challenge to the agency's denial of asylum and withholding. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (stating that issues not "specifically and distinctly" argued in the opening brief are forfeited (citation omitted)).

2. To qualify for CAT protection, a petitioner must show it is "more likely than not that he or she would be tortured if removed to the proposed country of removal" "by or at the instigation of or with the consent or acquiescence of a public official." 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1).

Substantial evidence supports the agency's determination that Nicolas failed to show that it is more likely than not that he would be tortured in Mexico. Nicolas's generalized fear of violence and crime in Mexico is insufficient to meet the CAT standard, which requires an individualized risk of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

Substantial evidence also supports the agency's determination that Nicolas failed to show that any torture would be by, or with the consent or acquiescence of, a public official. The agency found that the record indicated that the Mexican government is taking an active role in combatting gang and other organized criminal activity, and Nicolas does not cite any evidence which compels a different conclusion. The police's alleged ineffectiveness in investigating crimes against Nicolas's family members is insufficient. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime.").

**PETITION FOR REVIEW DENIED**.